# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LYNDON C. MYERS**,

*Petitioner*,

*v.*

CAUSE NO. 3:24-CV-841-CWR-ASH

**DEAN EPPS, ET AL,**

*Respondents*.

## ORDER

This matter comes pursuant to the Report and Recommendation of the United States Magistrate Judge. Docket No. 21. Petitioner Lyndon C. Myers filed objections to the Magistrate Judge's recommendations. Docket No. 24. These objections are before the Court. For the reasons discussed below, the Court overrules Petitioner's objections and adopts the Report and Recommendation.

### I.    Background

Petitioner filed this 28 U.S.C. § 2254 habeas petition, challenging his 2012 conviction in Mississippi state court for armed robbery. The relevant facts follow.

On May 16, 2012, Petitioner and his cousin, Earnest Johnson, robbed a Dollar Tree and its employees in Madison, Mississippi. On July 26, 2012, a Madison County grand jury returned an indictment against them for three counts of armed robbery, one count of possession of burglar's tools, and one count of conspiracy to commit armed robbery. The grand jury also indicted Petitioner for felon in possession of a firearm.

Before Petitioner's trial, Johnson wrote and signed two letters that disclaimed Petitioner's involvement in the crimes. However, at his guilty plea hearing, Johnson later testified that the robbery was Petitioner's idea, Petitioner provided Johnson with a gun to commit the robbery, Petitioner drove them to and from the robbery, and Petitioner tried to persuade Johnson to take full responsibility for the crimes.

Another person relevant to this cause is Jesmane Young. Young is a childhood friend of both Johnson and Petitioner. Young was incarcerated with them during the time leading up to Petitioner's trial. Young submitted a statement to law enforcement that Petitioner and Johnson shared information with him about the armed robbery. Both Young and Johnson testified at Petitioner's trial.

At Petitioner's trial, Johnson testified consistently with his plea hearing testimony – confirming Petitioner's involvement in the crimes. Young additionally testified that Petitioner confided in him about his role in the crimes. Petitioner was found guilty on all counts, except for possession of burglar's tools, and sentenced to serve thirty-five concurrent years on each of the armed robbery counts; five concurrent years for conspiracy to commit armed robbery; and ten consecutive years for his felon in possession of a firearm charge.

Two months later, Johnson offered an affidavit recanting the testimony he offered at his plea hearing and Petitioner's trial. Petitioner filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court held a hearing on this motion, at which Johnson testified, but the trial court determined that Johnson's testimony lacked credibility and denied Petitioner's motion. Petitioner then appealed his conviction and sentence to the Mississippi Supreme Court. *See Myers v. State*, 153 So. 3d 581 (Miss. 2014), *reh'g denied* (Miss. Oct. 30, 2014). On October 30, 2014, the Mississippi Supreme Court affirmed the

2

trial court's judgment and denied Petitioner's motion for rehearing. *Id.* Petitioner did not seek certiorari from the United States Supreme Court.[1]

However, in 2017 then again in 2021, Petitioner sought post-conviction relief through applications to the Mississippi Supreme Court. These petitions were denied. In September 2023, Young too provided an affidavit stating that the portions of his trial testimony that claimed Petitioner admitted to participating in the conspiracy and armed robbery were lies (the "Young Affidavit").[2] Petitioner filed a third motion for post-conviction relief in January 2024, relying on the Young Affidavit. This motion was also denied.

Petitioner filed this habeas petition on December 30, 2024, alleging violations of his right to a fair trial and due process. Docket No. 1.[3] On January 16, 2025, Petitioner filed a motion for an evidentiary hearing on the same grounds asserted in his petition. Docket No. 4. Respondents moved to dismiss this petition on February 6, 2025. Docket No. 12. After both parties responded and replied to the motion to dismiss, the Magistrate Judge entered a Report and Recommendation. Docket No. 21.

The Magistrate Judge recommends: (1) denying Petitioner's request for an evidentiary hearing, (2) granting Respondents' motion to dismiss, and (3) dismissing this petition as time-barred. *Id.* at 13. Petitioner objects to each of these findings. Docket Nos. 24 and 26. The Report and Recommendations and the objections to the same are now before the Court.

---

[1] "Because [Petitioner] did not seek further review in the United States Supreme Court, [Petitioner's] judgment became final on January 28, 2015 (October 30, 2014, plus 90 days)." Report and Recommendation, Docket No. 21 at 4 (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

[2] Importantly, Young's affidavit does not disclaim the entirety of his testimony or the statement he submitted to law enforcement. The Young Affidavit only offers that he was not told about these acts by Petitioner himself.

[3] This petition has since been amended twice. Docket Nos. 2 and 16.

## II.    Standard

The legal standards applicable to the present case are those which guide the Court with respect to (A) the Magistrate Judge's Report and Recommendation, and objections to findings therein; and (B) motions to dismiss. Those recommendations without objections are embraced by the standard governing the Report and Recommendation.

### A.  Report and Recommendation

"Where a party objects to a magistrate judge's proposed findings and recommendations, the Court is required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Shelby v. Cain*, No. 1:21-CV-406-HSO-RPM, 2023 WL 2563229, at *3 (S.D. Miss. Mar. 17, 2023) (quoting U.S.C. § 636(b)(1)). "Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record." *Gillett v. Hall*, No. 2:19-CV-44-TBM-MTP, 2022 WL 602192, at *3 (S.D. Miss. Feb. 28, 2022) (citation omitted). Frivolous, conclusive, or general objections need not be considered. *Id.* Nor must the Court weigh *de novo* those objections which "merely reurg[e] the allegations in the petition or attack[] the underlying conviction[.]" *Id.* (quoting *Johansson v. King*, No. 5:14-CV-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015).

A separate standard exists for those portions of the Report and Recommendation without objections. Such portions are merely "subject to a 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *Johnson v. Morris*, No. 3:18-CV-392-KHJ-FKB, 2021 WL 3173604, at *2 (S.D. Miss. July 27, 2021) (quoting *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

### B.  Motion to Dismiss

The Magistrate Judge recommends granting Respondents' motion to dismiss this federal habeas petition. Respondents may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

As it relates to the requirement of true and sufficient factual matter, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). Similarly, the petitioner's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quotation marks and citation omitted). The Court must accept "all well-pled facts as true," but it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quotation omitted).

### III.    Discussion

Petitioner objects to the Magistrate Judge's recommendations that: (A) the petition is untimely; (B) equitable tolling and actual innocence are waived; (C) there is no cognizable due process claim; and (D) Petitioner is not entitled to an evidentiary hearing.[4] The Court now considers these objections in the order listed above.

---

[4] Petitioner does not object to the recommendation that the unclean hands doctrine is inapplicable.

### A. Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act, codified under 28 U.S.C. § 2254 ("AEDPA"), provides a one-year statute of limitations for habeas petitions.[5] However, AEDPA offers additional explanation to determine when its limitation period is triggered. *See* 28 U.S.C. § 2244(d)(1). These explanations provide that the limitation period typically begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" but also offer potential exceptions to that timeline. *Id.* at (d)(1)(A). Relevant here, is the "factual predicate" exception, which Petitioner invokes to argue his petition was not untimely. 28 U.S.C. § 2244(d)(1)(D). This exception denotes that the limitation period shall run from "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." *Id.*

Petitioner claims the Young Affidavit is newly discovered evidence, demonstrating his state convictions were based on perjured testimony. Petitioner's Objections, Docket No. 24 at 2. This is the factual predicate upon which his petition relies. Therefore, he argues that the statute of limitations for this petition began on September 13, 2023, the date Young signed the affidavit, and not the date Petitioner's Mississippi Supreme Court judgment became final. *Id.*

The Court must first determine when claims "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, the Fifth Circuit is instructive. Under the factual predicate exception, the AEDPA limitations period begins on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support a claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (quoting *in re Davila*, 888 F.3d 179, 189 (5th Cir. 2018)). A petitioner may not

---

[5] "The time for filing a petition is governed by 28 U.S.C. § 2244(d)." Rules Governing § 2254 Cases, Rule 3(c).

confuse their knowledge of the factual predicate of their claims with the time permitted for gathering evidence in support of that claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).[6] Therefore, the statute of limitations for the factual predicate exception began when *Petitioner* first had knowledge of the perjured testimony and not on the date he received the Young Affidavit.

Petitioner concedes that he had knowledge of Young's falsehoods long before filing this petition. Specifically, he states that the Young Affidavit presents "what [Petitioner] was trying to speak and present to the state court when [Petitioner] first challenged Young's supposed 'lies' at trial and again later in [Petitioner's] first PCR motion." Petitioner's Am. Rebuttal to Dismissal, Docket No. 20 at 2. Moreover, Petitioner's trial counsel questioned Young's truthfulness at trial; directly offering the fact that Petitioner never told Young about Petitioner's participation in the armed robbery. Cross Examination of Jesmane Young, Docket No. 11-5 at 68-73. While Petitioner could not affirmatively prove that Young committed perjury without the Young Affidavit, he "pursued leads, coordinated interviews, and, under [a]ttorney oversight, promptly secured and presented the affidavit once obtainable." Petitioner Objections, Docket No. 24 at 3. Thus, Petitioner had knowledge of this factual predicate — Young's lies — during his 2012 trial; and he has since exercised due diligence to support this claim.

1. <u>Petitioner's Caselaw Objections</u>

Petitioner's objection attempts to distinguish (a) *Flanagan*, (b) *Osborne*, and (c) *Davila* from the present facts of this case. The Court addresses each of these arguments.

---

[6] *See also* Petitioner's Rebuttal, Docket No. 26 at 2 (claiming "[Petitioner] could not control whether Young admitted to perjury." But receiving evidence of Young's perjury does not trigger the statutory period; it begins upon Petitioner's knowledge of the perjury itself.).

a. *Flanagan*

First, Petitioner posits that "*Flanagan* held that [28 U.S.C. § 2244(d)(1)(D)] is not triggered by belated discovery of legal theories[,]" but "the Young [A]ffidavit supplies new, case-specific facts that did not exist in the record and could not be discovered earlier despite diligence." Petitioner's Objections, Docket No. 24 at 4-5 (citing *Flanagan*, 154 F.3d at 196). In *Flanagan*, the Fifth Circuit held that a potentially exculpatory affidavit, received after the AEDPA statute of limitations expires, does not retroactively toll those limitations under the factual predicate exception when the affidavit does not "change the character" of a petitioner's claim "nor provide[] any new ground" for a "federal habeas petition." 254 F.3d at 199. The *Flanagan* Court further held that "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Id.* Because Petitioner maintained knowledge of the factual predicate since, at least, his trial, the introduction of the Young Affidavit is merely evidence to support his preexisting claims. It neither changes the nature of these claims nor provides any new grounds.

b. *Osborne*

Petitioner next challenges the Magistrate Judge's reliance on *Osborne v. Hall*. Petitioner's Objections, Docket No. 24 at 4-5. Petitioner submits that while "*Osborne* rejected reliance on widely available, generalized attacks [on a witness] as 'new facts' . . . Young's sworn recantation and identification of exculpatory facts are particularized, non-public facts unique to [Petitioner's] case." *Id.* (citing *Osborne*, 934 F.3d at 428). In *Osborne*, a habeas petition was time-barred despite an imprisoned petitioner's valid claims that the expert witness used to convict him was corrupt and unqualified. *See* 934 F.3d at 428. Specifically, the petitioner in

8

*Osborne* claimed that the factual predicate exception tolled the statute of limitations for his petition until the date the expert's deposition transcript became publicly available. *Id.* at 430.

Petitioner's objection is accurate as it describes the *Osborne* claims as being related to "widely available, generalized attacks" because the *Osborne* expert's corruption had been largely publicized. Petitioner's Objections, Docket No. 24 at 4-5; *see also* 934 F.3d at 430. While the attacks on the expert were widely available, the *Osborne* Court noted that "the essential question [as to when a factual predicate is discoverable] is not whether the relevant information was known by a large number of people, but whether the petitioner should be expected to take actions which would lead him to the information." 934 F.3d at 434 (quoting *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)). Essentially, it is the petitioners' knowledge of the factual predicate that governs this timeline. Here, Petitioner was informed of the factual predicate, Young's lies, at his 2012 trial. The Magistrate Judge correctly applied *Osborne* to support the inapplicability of the factual predicate exception.

c. *Davila*

Petitioner also argues that "*Davila* teaches that the clock begins when the new facts are discoverable; it does not punish a petitioner who lacked access to the witness and obtained the affidavit as soon as practicable." Petitioner's Objections, Docket No. 24 at 4-5 (citing *Davila*, 888 F.3d at 179). In *Davila*, the Fifth Circuit found a petitioner's *Brady* claim time-barred because "he himself" had knowledge of the asserted factual predicate on the day of the crimes. 888 F.3d at 185. The *Davila* Court held that "the time bar does not necessarily run from the date on which the petitioner alleges he discovered new evidence, but rather the date on which he gains notice about such facts." *Id.* at 189. Petitioner gained notice about the factual predicate during his 2012 trial, so the Magistrate Judge's application of *Davila* is accurate.

The Court is limited by the law. Despite what Petitioner urges today, this law renders Petitioner's 2024 petition untimely. The Court now considers Petitioner's remaining objections.

### B. Equitable Tolling and Actual Innocence

Petitioner initially asserted no claims for statutory tolling or equitable tolling due to his arguments that he was "not procedurally time-barred for failing to act with diligence." Petitioner's Response to Dismissal, Docket No. 17 at 10; *see also* Petitioner's Rebuttal to Dismissal, Docket No. 19 at 9 ("Respondents recognize that the Petitioner has not asserted that he is entitled to statutory or equitable tolling under an actual innocence claim to overcome a time bar. As stated, the Petitioner is not time barred."). However, Petitioner now objects to the recommendation that tolling is unavailable to his cause. Petitioner's Objections, Docket No. 24 at 3; *see also* Petitioner's Rebuttal, Docket No. 26 at 4-5.

Similarly, Petitioner explicitly denied assertion of any claim of actual innocence because he "has no need to rely on [an] actual innocence claim to overcome a time bar." Petitioner Response to Dismissal, Docket No. 17 at 11. Like the issue of tolling, Petitioner first asserted the claim of actual innocence in his objections to the Report and Recommendation. Petitioner's Objections, Docket No. 24 at 3.

These issues are not properly before the Court. In the Fifth Circuit, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that a "claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation"). Because these arguments were only

raised in Petitioner's objections to the Magistrate Judge's Report and Recommendation, they are not properly before the Court.[7]

## C. Due Process

Petitioner next argues that the state court failed to conduct an evidentiary hearing based on the Young Affidavit in violation of Mississippi law. He asserts this decision violated Due Process. However, errors in the application of state law do not assert a cognizable claim in federal habeas proceedings. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "Additionally, errors in state collateral post-conviction proceedings, such as state habeas applications, will not entitle a petitioner to federal habeas corpus relief." Report and Recommendation, Docket No. 21 at 11 (citing *in re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023).

Petitioner's objections acknowledge the fact that "defects in state collateral proceedings do not, standing alone, furnish federal habeas relief[.]" Petitioner's Objections, Docket No. 24 at 6. However, he asserts that these claims "are cognizable when they (1) block a federal forum for constitutional claims, (2) supply 'cause' and 'prejudice' to excuse default, or (3) bear on tolling or actual innocence gateways." *Id.* (citing *Ervitts v. Lacey*, 469 U.S. 387, 393-97 (1985)). Petitioner's reliance on *Ervitts* is misplaced.

*Ervitts* says nothing about cases that involve non-cognizable challenges to state collateral proceedings. There, the Court merely considered a constitutional claim to affirm petitioners' rights to effective assistance of counsel on first appeal. *Ervitts*, 469 U.S. at 393-97. Because Petitioner's claim rests upon errors in the application of state law, it does not assert a claim cognizable in this habeas proceeding.

---

[7] Petitioner also asserts *Brady* claims and ineffective assistance of trial counsel arguments for the first time in his objections. *See* Petitioner's Objections, Docket No. 24 at 4-5, 6-7. For the same reasons, neither of these issues are properly before the Court.

11

### D. Evidentiary Hearing

Petitioner raises the Young Affidavit to seek an evidentiary hearing "to the extent that the Court finds that there are contested issues of fact concerning [his] claims." Evidentiary Hearing Motion, Docket No. 4 at 1. AEDPA offers narrow circumstances when an evidentiary hearing may be held in federal court. 28 U.S.C. § 2254(e)(2). These circumstances are:

> (2)   If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> > (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* However, "an evidentiary hearing is not required if there are 'no relevant factual disputes that would require development in order to assess the claims." *Holliday v. Cain*, No. 3:23-CV-3126-KHJ-MTP, 2025 WL 923488, at *4 (S.D. Miss. Mar. 25, 2025) (quoting *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998)).

Petitioner argues that he has not failed to develop the factual basis of his claim because the Young Affidavit *was* the basis of his third motion for post-conviction relief in state court. Petitioner's Objections, Docket No. 24 at 9. It is true that "a petitioner cannot be said to have 'failed to develop' a factual basis for his claim unless the undeveloped record is a result of his

12

own decision or omission." *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *on reh'g* (Sept. 21, 1998) (quoting *McDonald v. Johnson,* 139 F.3d 1056, 1059 (5th Cir.1998)). Yet, Petitioner "fails to explain how an evidentiary hearing would elicit facts material to the statute of limitations" at issue. Report and Recommendation, Docket No. 21 at 12.

The Court has already determined Petitioner's factual predicate argument is time-barred. Petitioner argues that "[t]he Young [A]ffidavit adds critical facts that the state courts never meaningfully considered." Petitioner's Objections, Docket No. 24 at 7. However, Young's truthfulness, or lack thereof, was vehemently questioned by Petitioner's trial counsel during cross examination. *See* Cross Examination of Jesmane Young, Docket No. 11-5 at 68-73. Because the factual predicate Petitioner relies upon was discovered and known to him, an evidentiary hearing in this case is improper.

### IV.    Conclusion

For these reasons, Petitioner's objections are overruled. Petitioner's motion for an evidentiary hearing is denied. The Report and Recommendation is adopted. Respondents' motion to dismiss is granted. This Petition is dismissed as time-barred. A separate final judgment shall issue.

**SO ORDERED**, this the 27th day of March, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

13